Curia, per Waejdlaw, J.
In Hunter v. Glenn, it was thought that the repeated determinations of this Court not to interfere with the discretion of the presiding judge, as to trial or postponement of a cause, ought to have prevented applications here on that account; and the purpose to adhere to the rule of non-interference wets declared. Still, however, parties who have been unsuccessful on the Circuit, have occasionally presented complaints that continuances were not granted, to be considered by this Court along with other grounds for new trial. This is the only case now remembered where the granting of a continuance has been presented as a ground, and the only ground, for a motion here. It is thought to be strange that after the case was opened to the jury and a formal defect in an important document decided to be fatal to it, the plaintiff should have been allowed time to procure its amendment, instead of being nonsuited. In general, the despatch of business, and the acknowledgement of readiness, which entering upon a trial implies, require that the consequences of unexpected discoveries or decisions should be borne by those upon whom they fall; — but sometimes, -without injury to the public interests, or injustice to parties, the rigor of rales may be mitigated; and without a discretion over the whole subject, to be carefully exercised by the Court, trials might be made the means of defeating justice, instead of dispensing it, aird the Court itself become an instrument to entrap the unwary or reward the contrivances of the dishonest. It must be supposed that discretion was properly exercised on the Circuit — the circumstances which have been dwelt on here, show no reason for controlling it. The motion is dismissed.
The whole court concurred.

Motion refused.